IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| LARRY LUNAN and<br>SUSAN LUNAN, | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action: C-1-01-425 |
| | ) | |
| MYCOM GROUP, INC., a Nevada Corporation | ) | |
| PATRICIA A. MASSEY, G. ALLAN MASSEY, | ) | |
| GEORGE W. YOUNG, JOAN CARROLL, | ) | |
| KENNETH R. HALL, and TERRY SEIPELT, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT FINAL PRETRIAL ORDER

This matter is before the Court pursuant to Rule 16 of the Federal Rules of Civil Procedure.

I.  APPEARANCES:

    For Plaintiff(s):    Steven H. Trent, Esq.
                            Matthew D. Davison, Esq.
                            Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
                            P.O. Box 3038
                            207 Mockingbird Lane
                            Johnson City, Tennessee 37604
                            (423)928-0181

    For Defendant(s):    James M. Moore
                            Lindhorst & Dreidame Co., L.P.A.
                            312 Walnut Street, Suite 2300
                            Cincinnati, Ohio 45202-4091
                            (513) 421-6630

II.  NATURE OF ACTION AND JURISDICTION:

    A.    This is an action for: (1) breach of contract, (2) fraud, (3) unjust enrichment, (4) promissory estoppel, (5) intentional interference with contract, (6) and civil conspiracy.

B.      The jurisdiction of the Court is invoked under Title 28, United States Code §1332.

C.      The jurisdiction of the Court is not disputed.

III.     TRIAL INFORMATION:

A.      The estimated length of trial is 2 days.

B.      Trial to the Court will begin on December 3, 2003.

IV.     STATEMENT OF THE CASE:

A.      Plaintiffs' Statement of the Case:

This action arises out of the negotiations leading to, and the eventual merger of, Bad Toys, Inc. (Larry Lunan and Susan Lunan, principal shareholders, officers and directors) and Myca Group, Inc. (Patricia Massey, Allan Massey, George Young, and Joan Carroll, sole shareholders, officers, and directors), resulting in the surviving entity Mycom Group, Inc., as well as subsequent relevant discussions between the parties. As part of the negotiations and the eventual agreement of merger, Mycom promised to pay $300,000 for the benefit of Larry and Susan Lunan, the Plaintiffs herein, in consideration for the transaction, as evidenced by a written Plan and Agreement of Merger and discussions between the parties.

After entering into this agreement, the defendants were advised that Mycom was paying too much for Bad Toys, Inc. and began to pressure and threaten the Lunans to forego their right to said payment prior to closing the transaction. The Lunans refused. The parties subsequently executed a Closing Agreement that ambiguously dealt with the Lunans' right to be compensated in the transaction. In an effort to induce the Lunans to continue to pay debt on behalf of the surviving entity, the individual defendants continued to represent that full payment of $300,000 would be forthcoming subsequent to the execution of the Closing Agreement. In reliance on these representations, the Lunans paid substantial debt on behalf of the surviving entity.

The Lunans have suffered economic loss as a result of the defendants' breach of contract and other tortious behavior. Additionally, the defendants have clearly gained great benefit from the Lunans' detrimental reliance on promises that they would be paid as agreed by the defendants. Accordingly, after many unsuccessful demands for payment, the Plaintiffs filed this action relying on the claims of (1) breach of contract (2) fraud (3) unjust enrichment (4) promissory estoppel (5) intentional interference with contract and (6) civil conspiracy.

The Plaintiffs have settled all claims with the defendant Kenneth R. Hall, who has been dismissed as a defendant. The remaining defendants filed a Motion for Summary Judgment on all counts. The Court has denied the defendants' Motion for Summary Judgment, finding that there are genuine issues of material fact with regard to each of the Plaintiffs' claims.

372788v1

B.    Defendants' Statement of the Case:

The plaintiffs have alleged that they are entitled to a payment of $300,000 from the defendants. Their claim is that they would be paid this sum as part of the consideration for the reverse merger transaction which is the subject of the complaint. Defendants acknowledge that there was to be a payment totaling $300,000 for the plaintiffs' benefit. However, from the very beginning of defendants' discussions with plaintiffs, the payment of $300,000 to the plaintiffs was always conditioned upon receipt of outside funding which never materialized. The goal of the fundraising activities by the Myca Group shareholders was to realize net proceeds of at least $2 Million Dollars. From this $2 Million Dollars, Larry Lunan and his wife would receive $300,000 and the Myca shareholders would receive $200,000 each ($800,000 in the aggregate). The remaining $900,000 would be put back into the company for development of new products and services. The $2 Million Dollars was never raised because Tri-Corp Financial, Inc. defaulted on its obligations to purchase the Mycom stock. Tri-Corp never provided all or any portion of the funding referenced in the Closing Agreement dated August 23, 2000. Therefore, plaintiffs are not entitled to a recovery in any amount of the defendants.

V.    TRIAL DETERMINATIONS:

A.    FACTS

The parties will provide stipulated and disputed facts after exchanging Proposed Findings of Fact in accordance with Section H of the Order Instructing Certain Pretrial and Trial Procedures.

B.    APPLICABLE PROPOSITIONS OF LAW:

The parties will provide agreed and disputed applicable propositions of law after exchanging Proposed Conclusions of Law in accordance with Section H of the Order Instructing Certain Pretrial and Trial Procedures.

C.    Witnesses:

The parties have listed on Appendix A those persons who will be called or who will be available to testify.

D.    Exhibits:

The parties will offer as exhibits those items listed on Appendix B hereof prepared in accordance with Section C of the Order Instructing Certain Pretrial and Trial Procedures.

E.    Depositions, Interrogatories and Admissions:

Evidence from the following witnesses will be presented by Deposition Testimony.

372788v1

1.    Plaintiff(s):

| Witness | Deposition Portions |
|---|---|
| (1)  Patricia A. Massey | 16-25; 45-136 |
| (2)  Joan Carroll-Flowers | 11-13; 17-30; 44-115 |
| (3)  George Young | 8-14; 16; 18-23; 33-110 |
| (4)  Terry Steipelt | 13-14; 16-23; 37-95 |

2.    Defendant(s):

| Witness | Deposition Portions |
|---|---|
| (1)  Terry Steipelt | 15-98 |
| (2)  Ken Hall | 58-168; 176-190 |

F.    Discovery:

Discovery has been completed.

G.    Pending Motions:

There are no pending Motions at this time.

IV.    SETTLEMENT EFFORTS:

The parties have made a good faith effort to negotiate a settlement.

V.    TRIAL TO THE COURT:

The parties will submit Findings of Fact and Conclusions of Law in accordance with Section H of the Order Instructing Certain Pretrial and Trial Procedures.

372788v1

- 5 -

IT IS SO ORDERED.


                                   _____
                                      Herman J. Weber, Judge
                                     United States District Court


/s/ Matthew D. Davison_____
Steven H. Trent, Esq.
Matthew D. Davison, Esq.
Baker, Donelson, Bearman, Caldwell & Berkowitz, P.C.
P.O. Box 3038
207 Mockingbird Lane
Johnson City, Tennessee 37604
(423) 928-0181


/s/ James M. Moore_____
James M. Moore, Esq.
Lindhorst & Dreidame Co., L.P.A.
312 Walnut Street, Suite 2300
Cincinnati, Ohio  45202-4091
(513) 421-6630

372788v1